UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CESAR CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> UNITED PARCEL SERVICE INC., et al., <br><br> Defendants. | Case No. 25-cv-07020-NW <br><br> **ORDER SCREENING SECOND AMENDED COMPLAINT, DISMISSING WITH LEAVE TO AMEND, AND TERMINATING MOTIONS AS MOOT** <br><br> Re: ECF Nos. 57, 58, 60, 61, 62, 63 |

On August 19, 2025, Plaintiff Cesar Cruz ("Plaintiff"), proceeding *pro se*, sued six defendants: United Parcel Service Inc., International Brotherhood of Teamsters Local Union No. 542, Liberty Mutual Insurance Company, Law Office of James Paul Roe, Michael Sullivan & Associates LLP, and the Workers Compensation Appeals Board (collectively "Defendants"). ECF No. 1.[1] On September 15, 2026, various Defendants filed two separate motions to dismiss. ECF Nos. 13, 17. The next day the Court granted Plaintiff's amended application to proceed *in forma pauperis* ("IFP") and deferred review of Plaintiff's pleading under 28 U.S.C. § 1915(e). ECF No. 21.

On December 11, 2025, the Court screened Plaintiff's complaint. The Court dismissed the complaint, and granted Plaintiff leave to amend. ECF No. 55. The Court also terminated as moot Defendants' pending motions to dismiss. ECF No. 59.

Plaintiff timely filed an amended complaint On January 8, 2026. ECF Nos. 57, 58. Two days later, on January 10, 2026, Plaintiff filed a document titled "Second Amended Complaint."

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

*See* ECF No. 58. It was improper under Federal Rule of Civil Procedure 15(a) for Plaintiff to file the Second Amended Complaint ("SAC") without leave of Court. But because Plaintiff is self-represented, and the SAC appears to be largely identical to his timely filed amended complaint at ECF No. 57, the Court exercises its discretionary authority and considers the SAC at ECF No. 58 to be the operative complaint in this action. Plaintiff's SAC triggered several responsive motions from Defendants including a motion to dismiss, a motion to compel Plaintiff to meet and confer regarding hearing dates for the motion to dismiss, and joinder motions. ECF Nos. 60-63.

The Court has screened Plaintiff's SAC and for the reasons set forth below DISMISSES the complaint with leave to amend. Accordingly, the Court continues to stay service of process.

In light this dismissal, the Defendants' notice of administrative motion to compel, *see* ECF No. 60, pending motion to dismiss, *see* ECF No. 61, motion for joinder, *see* ECF No. 62, and notice of joinder of motion to compel, *see* ECF No. 63, are TERMINATED AS MOOT. The April 8, 2026 hearing is VACATED.

## I.    BACKGROUND

The facts in this case were outlined in two prior orders: the October 1, 2025 Order denying Plaintiff's *ex parte* application and motion for a temporary restraining order, and the December 11, 2025 Order screening Plaintiff's complaint, and will not be repeated in detail here. *See* ECF Nos. 35, 55.

Plaintiff's latest complaint names nine Defendants and lists thirteen causes of action. *See* SAC, ECF No. 58. Plaintiff's claims, which appear to flow from an alleged workplace injury that occurred in June 2020, accuse all Defendants of fraud, retaliation, tampering, and racketeering under various federal statutes. *Id.*

Although Plaintiff submitted an IFP application, which provides that the "officers of the court shall issue and serve all process," *see* 28 U.S.C. § 1915(d), Plaintiff previously took it upon himself to serve the original six Defendants. *See* ECF No. 55 at 2. After the Court's Order screening Plaintiff's initial complaint and dismissing with leave to amend, Plaintiff filed a notice requesting service by the U.S. Marshal. ECF No. 56. Plaintiff's request is improper. When a plaintiff is proceeding IFP, a court must conduct a screening review of the complaint, and find it

2

sufficient, before ordering issuance of summons and service of the complaint. *Yakub v. Qatar Airways Grp. (Q.C.S.C)*, No. 25-CV-04142-JCS, 2025 WL 1870791, at \*1 (N.D. Cal. June 18, 2025), *see also* 28 U.S.C. § 1915. Because Plaintiff's SAC is not sufficient, Plaintiff's request for service is DENIED.

## II.   LEGAL STANDARD

When a district court grants IFP status, the court must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (screening requirement of § 1915(e) applies to all IFP complaints). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). But the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992).

A complaint must additionally comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

## III.   DISCUSSION

Here, Plaintiff's latest amended complaint fails to comply with Rule 8. "Something

labeled a complaint but written … without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180.  To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*  Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

Plaintiff's SAC fails to identify what specific wrongs Defendants committed.  For example, Plaintiff brings a claim for retaliation against a witness or party to an official proceeding under 18 U.S.C. § 1513(b)(1).  SAC ¶¶ 74-81.  In support, Plaintiff alleges "Defendants knowingly engaged in conduct harmful to Plaintiff's person and tangible property interests, including economic property such as wages and employment-related benefits, through actions taken in close temporal proximity to Plaintiff's protected participation and evidentiary submissions," then cites to other paragraphs in the complaint  *Id.* ¶ 78.  Even with references to other paragraphs in his SAC, Plaintiff's allegations are insufficient.

Stating a claim under 18 U.S.C. § 1513(b)(1), requires alleging that the defendant (1) knowingly engaged in conduct that caused bodily injury to another person, damaged tangible property, or threatened to do so; (2) acted with the specific intent to retaliate against any person; and (3) the retaliation was for the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding.  18 U.S.C. § 1513(b)(1).  Plaintiff's conclusory assertion that Defendants "knowingly engaged in conduct harmful to Plaintiff . . . through actions taken in close temporal proximity" to Plaintiff's protected activity is nothing more than a formulaic recitation of the first element of a witness retaliation claim under 18 U.S.C. § 1513(b)(1).  SAC ¶ 78.  This is not enough.  Plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff's other claims—thirteen total—are similarly deficient.  All fail to "give the

United States District Court
Northern District of California

4

defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up).

To comply with Rule 8's pleading requirements, Plaintiff may amend the complaint to allege:

1. The specific laws or rights each Defendant allegedly violated, including the legal elements that establish each cause of action;

2. For each law or right, the specific factual allegations that connect each Defendant individually with the alleged wrongdoing, including the dates, names of individuals involved, and what each individual did;

3. How Plaintiff was harmed because of each Defendant's action or inaction; and

4. The relief sought.

In addition, the Court continues to have concerns that Plaintiff's claims may be barred by the statute of limitations. ECF No. 55 at 4. If Plaintiff elects to amend his complaint, he should address these concerns through appropriate factual allegations that demonstrate each Defendant's alleged wrongdoing occurred during the limitations period for Racketeer Influenced and Corrupt Organizations Act ("RICO") and RICO-predicate claims.

Plaintiff is encouraged to consult with the Legal Help Center for advice about retaining counsel and the rules for proceeding pro se. *See* https://cand.uscourts.gov/pro-se-litigants/.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's SAC is DISMISSED with leave to amend. If Plaintiff elects to file a Third Amended Complaint (TAC), he must comply with all components of this Order and file the TAC within 28 days. Plaintiff may not add any new claims or new Defendants to the TAC without leave of Court.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

5

If Plaintiff fails to file a TAC by the deadline, or if the TAC fails to comply with this Order or does not cure the defects described above, the Court may dismiss the TAC.

**IT IS SO ORDERED.**

Dated: March 30, 2026

Noël Wise
United States District Judge