UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CRUZ,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED PARCEL SERVICE INC., et al.,<br><br>   Defendants. | Case No. 25-cv-07020-NW<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND REGARDING MOTION FOR GUIDANCE**<br><br>Re: ECF Nos. 66, 68, 69 |

On March 30, 2026, the Court screened and dismissed self-represented Plaintiff Cesar Cruz's second amended complaint ("SAC") with leave to amend. ECF No. 64 ("March 30 Order"). The Court continued to stay service of process and ordered Cruz to file a third amended complaint within 28 days, that is, by April 27, 2026. *Id.* at 2, 5.

Two motions are pending before the Court: Cruz's motion for an extension of time to file a third amended complaint and Defendant Law Office of James Paul Roe's motion for guidance as to Defendants' motions to dismiss Plaintiff's second amended complaint. ECF No. 66 ("Cruz Mot."); ECF No. 68 ("Roe Mot.").[1] Defendant Teamsters Local Union No. 542 joins in Roe's motion for guidance. ECF No. 69.

Pursuant to Civil Local Rule 7-9(b), the Court finds these motions suitable for disposition without oral argument. For the reasons set forth below, Cruz's motion for an extension of time is DENIED. Defendants need not respond to the April 27 complaint unless and until the Court directs them to do so.

---

[1] The caption of Roe's motion incorrectly lists the case number as "5:25-cv-07020-VKD." The Court reminds Roe that the case number should bear the initials of the undersigned.

## I.      MOTION FOR EXTENSION OF TIME

On April 27, 2026, Cruz filed a complaint titled "Second Amended Complaint for Damages and Injunctive Relief."  ECF No. 65 ("April 27 Compl.").  Three days later, Cruz filed a motion for an extension of time to file a third amended complaint.  Cruz represents that he did not receive the March 30 Order until April 3, 2026 due to PACER issues and therefore "had reduced time to review the Court's instructions and prepare a fully compliant amended pleading."  *Id.* at 2.  Cruz explains that he filed the April 27 Complaint "in good faith to demonstrate his effort to comply with the Court's March 30, 2026 Order and to preserve his claims within the applicable statutory period, despite the limited time available."  *Id.*  Cruz also represents that he has "disability-related limitations that affect [his] cognitive function" such that he "requires a reasonable accommodation in the form of additional time to prepare and submit legal filings."  *Id.* at 3.

Cruz's motion for an extension of time is DENIED.  While the Court is sympathetic to his medical issues, Cruz does not explain why he failed to request an extension prior to the April 27 deadline.  *See* Standing Order for All Civil Cases before District Judge Noël Wise § Q ("Any request should be filed at least three business days prior to the deadline or hearing sought to be extended or continued."); *see also* Civil L.R. 3-9(a) ("A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules.").  If he knew that he would need additional time, Cruz should not have waited more than three weeks from the time he received the March 30 Order to make that request.

## II.     MOTION FOR GUIDANCE

Roe "seeks confirmation from the Court if it intends to again conduct a Rule 8(a) and 28 U.S.C. section 1915 screening that would moot such Motion to Dismiss before such Motion to Dismiss is due to be filed with the Court."  Roe Mot. at 2.  Screening is required, and the Court's March 30 Order made it clear that service of process continues to be stayed.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (screening requirement of 28 U.S.C. § 1915(e) applies to all *in forma pauperis* complaints); March 30 Order at 2.  Defendants therefore should not respond to the April 27 Complaint at this time.

**III.    CONCLUSION**

For the foregoing reasons, the Court ORDERS the following:

1.    The April 27 Complaint shall be the operative complaint and will be screened in a separate order pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.    Defendants should not respond to the April 27 Complaint unless and until they have been served by "officers of the court" pursuant to 28 U.S.C. § 1915(d).

**IT IS SO ORDERED.**

Dated: May 13, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3