UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CESAR CRUZ,

Plaintiff,

v.

UNITED PARCEL SERVICE INC., et al.,

Defendants.

Case No. 25-cv-07020-NW

**ORDER SCREENING THIRD AMENDED COMPLAINT**

Re: ECF No. 65

United States District Court
Northern District of California

Self-represented Plaintiff Cesar Cruz filed a complaint and an application to appear *in forma pauperis* ("IFP"). ECF Nos. 1, 2. At the Court's direction, Plaintiff filed an amended IFP application, which the Court granted. ECF Nos. 5, 12, 21. The Court subsequently screened and dismissed Plaintiff's initial complaint and amended complaints pursuant to 28 U.S.C. § 1915(e). ECF Nos. 55, 65.

Plaintiff has since filed a third amended complaint ("TAC").[1] ECF No. 65. Having reviewed the TAC pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the TAC for improper venue. As Plaintiff has had two opportunities to cure the deficiencies, the dismissal is WITHOUT LEAVE TO AMEND.

## I. LEGAL STANDARD

When a district court grants IFP status, the court must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

[1] Plaintiff filed two complaints titled "second amended complaint." ECF Nos. 58, 65. The Court dismissed the "second amended complaint" filed at ECF No. 58. ECF No. 64. To avoid confusion, the Court refers to the operative complaint filed at ECF No. 65 as the "third amended complaint" or "TAC."

§ 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (screening requirement of § 1915(e) applies to all IFP complaints). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). But the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992).

A complaint must additionally comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims that are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

## II. DISCUSSION[2]

Plaintiff's claims arise out of two events during his employment with United Parcel Service, Inc. ("UPS"): a June 29, 2020 report of workplace misconduct to a UPS human resources representative, and a July 11, 2020 injury that Plaintiff sustained while working. The TAC names as defendants UPS; International Brotherhood of Teamsters Local Union No. 542 ("Teamsters"); attorney James Paul Rose; the Law Office of James Paul Roe; Liberty Mutual Insurance Company ("LMIC"); and Michael Sullivan & Associates LLP ("MS&A"). TAC ¶¶ 1–5. Plaintiff brings two claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c).

---

[2] The Court's prior orders contain a detailed factual background and procedural history of this case. ECF Nos. 35, 55, 64.

United States District Court
Northern District of California

TAC ¶¶ 77–114.

The TAC fails to sufficiently allege that this Court is the proper venue for Plaintiff's action. A plaintiff may bring a civil action in one of three places:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3).

The TAC alleges that Defendants reside in either the Eastern or Southern District of California. TAC ¶ 1 ("UPS maintains operations, including at 160 Main Street, El Centro, California."); *id.* ¶ 2 ("Teamsters maintain offices at 4666 Mission Gorge Place #4173, San Diego, California 92120, and 2298 Merrill Center Drive, El Centro, California 92243."); *id.* ¶ 3 ("Roe maintains an office at 2667 Camino del Rio South, Suite 315, San Diego, California 92108."); *id.* ¶ 4 ("LMIC administered Plaintiff's workers' compensation claim and maintained offices and mailing addresses at P.O. Box 29073, Glendale, California 91209, and P.O. Box 779008, Rocklin, California 95677."); *id.* ¶ 5 ("MS&A maintains offices at 3838 Camino del Rio North, Suite 250, San Diego, California, and 1760 Creekside Oaks Drive, Suite 290, Sacramento, California 95833.").

It also appears that the events giving rise to Plaintiff's claims occurred in the Southern District of California, not the Northern District. *Id.* ¶ 78 ("On July 25, 2023, Plaintiff was formally identified as a victim and provided rights under Marsy's Law by the Imperial County District Attorney's Office."); *see* 28 U.S.C. § 1391(b)(2).

The only apparent basis for venue in this District is Plaintiff's residence. *See* TAC at 2 ("Plaintiff resides in Santa Cruz County, California, at 14830 Stetson Road, Los Gatos, California

95033.").[3] This is an insufficient basis to confer venue in this Court. *See Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) ("[T]he venue inquiry focuses on the defendant's activities, not the plaintiff's.") (citation omitted).

Not only are Plaintiff's allegations inadequate to support this District as the proper venue, but this Court also cannot determine, based on the insufficiency of the allegations in the TAC, which district would be an appropriate venue for Plaintiff's claims. Accordingly, the Court DISMISSES the TAC. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). As Plaintiff has failed to correct deficiencies in his complaint despite repeated opportunities to amend, the Court dismisses the TAC without leave to amend, *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.") (citation modified).

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES the TAC WITHOUT LEAVE TO AMEND. The Clerk of Court shall close the case file.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Noël Wise
United States District Judge

[3] Los Gatos is located in Santa Clara County, not Santa Cruz County.